# In the United States Bankruptcy Court
# for the Western District of Pennsylvania

| | | |
|---|---|---|
| In re: | : | |
| | : | Bankruptcy No. 26-22412-JCM |
| Maranda Lynn Moyle, | : | |
| Debtor. | : | Chapter 7 |
| | : | |
| Maranda Lynn Moyle, | : | Adv. Proc. No. ________________ |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| United States Department of Education, | : | |
| Defendant. | : | |
| | : | |

## COMPLAINT TO DETERMINE DISCHARGEABILITY OF STUDENT LOAN DEBT UNDER 11 U.S.C. § 523(a)(8)

**AND NOW**, Plaintiff Maranda Lynn Moyle, through her attorney, files this complaint under 11 U.S.C. § 523(a)(8) and Fed. R. Bankr. P. 4007 and 7001(f), and states:

### Jurisdiction and Venue

1. The Court has jurisdiction over this adversary proceeding under 28 U.S.C. §§ 157 and 1334.

2. This is a core proceeding under 28 U.S.C. § 157(b)(2)(I).

3. Venue is proper in this district under 28 U.S.C. § 1409(a) because this adversary proceeding arises in the Plaintiff's chapter 7 case, which is pending in this Court.

4. Under Fed. R. Bankr. P. 7008, the Plaintiff consents to the entry of final orders and judgment by the Court.

## Parties

5. The Plaintiff, Maranda Lynn Moyle, is the debtor in the above-captioned case, which she initiated by filing a voluntary petition for relief under chapter 7 of the Bankruptcy Code on August 28, 2026.

6. The Defendant, the United States Department of Education ("Education"), is an agency of the United States. Its principal place of business is 400 Maryland Ave SW, Washington, DC 20202.

7. Education holds the student loans described below.

## Background

8. The Plaintiff owes Education two Direct Consolidation Loans disbursed on July 29, 2020, one subsidized and one unsubsidized (together, the "Loans").

9. The Loans bear interest at a fixed rate of 5.75 percent.

10. As of October 1, 2026, the Loans had an outstanding principal balance of $175,461.50 and accrued interest of $18,505.72, for a total of $193,967.22.

11. The Loans consolidated federal student loans the Plaintiff borrowed to attend the Community College of Allegheny County from 1999 to 2003, South University from 2011 to 2016, and Northeast College of Health Sciences from 2017 to 2019.

12. The Plaintiff's student loans first entered repayment in December 2001.

13. The Plaintiff earned a master's degree in health care administration from South University in July 2016.

14. The Plaintiff earned a master's degree in clinical nutrition from Northeast College of Health Sciences in December 2019.

15. The Loans are educational loans of the kind described in 11 U.S.C. § 523(a)(8)(A)(i).

**The Plaintiff's Financial Circumstances**

16. The Plaintiff's household consists of herself and her nine-year-old child.

17. The Plaintiff is a single parent.

18. The Plaintiff is forty-six years old.

19. The Plaintiff is employed as a wellness coach by ClearCaptions LLC, where she has worked for about two years.

20. After earning her master's degree in health care administration in 2016, the Plaintiff applied for positions in that field and was not offered any position paying more than $15 per hour.

21. The Plaintiff enrolled at Northeast College of Health Sciences in 2017 to earn a degree in clinical nutrition so that she could work as a health coach.

22. After the Plaintiff completed that degree in December 2019, she began applying for jobs but found that employers of health coaches often prefer certification by the National Board for Health and Wellness Coaching rather than a degree in nutrition.

23. The Plaintiff has applied for more than four thousand positions since 2016.

24. In the past month alone, the Plaintiff has applied for more than fifty positions.

25. Neither of the Plaintiff's master's degrees has qualified her for employment paying more than her current position.

26. The Plaintiff's gross monthly income is $3,380.72.

27. After payroll deductions, the Plaintiff's monthly take-home pay is $2,487.69.

28. The Plaintiff has no other income.

29. The Plaintiff's monthly expenses for herself and her child total $2,375.00.

30. After those expenses, the Plaintiff has $112.69 left each month.

31. The monthly payment required to repay the Loans under a standard repayment plan exceeds $1,100.

32. The Plaintiff cannot make that payment while maintaining a minimal standard of living for herself and her child.

33. The Plaintiff consolidated her student loans in 2016 and again in 2020.

34. The Plaintiff enrolled in the Income-Based Repayment plan and later in the Saving on a Valuable Education plan.

35. The Plaintiff requested and received deferments and forbearances when she could not pay.

36. The Plaintiff has made payments on the Loans and on the loans they consolidated.

37. More than twenty-four years after the Plaintiff's student loans first entered repayment, the balance of the Loans is $193,967.22.

38. The Plaintiff owns no real estate.

39. The Plaintiff has no non-exempt assets from which the Loans could be paid.

**Count I**
**Determination of Dischargeability**
**11 U.S.C. § 523(a)(8)**

40. The Plaintiff incorporates the preceding paragraphs.

41. Under 11 U.S.C. § 523(a)(8), an educational loan is excepted from discharge unless excepting the debt from discharge would impose an undue hardship on the debtor and the debtor's dependents.

42. The Plaintiff cannot maintain a minimal standard of living for herself and her child if required to repay the Loans.

43. The Plaintiff's inability to repay the Loans is likely to persist for a significant portion of the repayment period.

44. The Plaintiff has made good faith efforts to repay the Loans.

45. Excepting the Loans from discharge would impose an undue hardship on the Plaintiff and her dependent.

46. The Plaintiff is entitled to a determination that the Loans are dischargeable and are discharged in her chapter 7 case.

**Conclusion**

**FOR THOSE REASONS**, the Plaintiff requests entry of judgment determining that the Loans are dischargeable under 11 U.S.C. § 523(a)(8) and are discharged in her chapter 7 case.

Date: November 11, 2026

By: /s/ Michael I. Assad
Michael I. Assad (PA ID No. 330937)
Law Office of Mike Assad, P.C.
923 Haddonfield Road, Suite 336
Cherry Hill, NJ 08002
609-808-3300
mike@assad.law

*Attorney for Plaintiff*